UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY KRISTINA CARTER,

        Petitioner,

v.

DOUGLAS COLE,

        Respondent.

Case No. C07-1845 RAJ BAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kimberly Kristina Carter ("petitioner" or "Carter"), is an inmate at the Washington Corrections Center for Women in Gig Harbor, Washington. In a petition for a writ of habeas corpus,[1] brought under 28 U.S.C. § 2254, she challenges her 2001 convictions in Snohomish County Cause No. 00-1-00863-0. Dkt. 6 at 1.

Respondent has moved to dismiss petitioner's federal habeas petition as time barred under 28 U.S.C. § 2244. Dkt. 16. Petitioner concedes that her federal habeas petition was filed "beyond the one-year limitation period," dkt. 19 at 30, but "asks the court to apply equitable tolling to her Federal Habeas Corpus Petition, as allowed under 28 U.S.C. § 2244(d)(2)." Dkt. 19 at 1.

After careful consideration of the petition, motion to dismiss, reply, response, governing law, and the balance of the record, the Court recommends that petitioner's § 2254 petition be

---

[1] Petitioner proceeds *pro se* and *in forma pauperis* in this matter. Dkt. 5; Dkt. 12.

REPORT AND RECOMMENDATION – 1

DENIED as untimely, and that the case be DISMISSED with prejudice.

## BACKGROUND

Plaintiff was found guilty by a jury of one count of first degree murder and one count of tampering with a witness on September 13, 2000, and sentenced on April 20, 2001 to a total of 348 months of imprisonment. Dkt. 6 at 1. Petitioner's judgment became final by the conclusion of direct review on July 14, 2005. Dkt. 6 at 5. Two hundred ninety two (292) days later, on May 3, 2006, plaintiff signed and put into the prison mail system a personal restraint petition ("PRP"). Dkt. 16, ex. 5 at 500. Plaintiff's PRP remained pending until April 10, 2007, when the Washington State Supreme Court Clerk denied review of the case, dkt. 16, ex. 14 at 1091, or, according to plaintiff, until July 20, 2007, when the certificate of finality was issued. *Id*. at 1093. On November 13, 2007, plaintiff filed her federal habeas corpus petition; 215 days after petitioner's PRP ceased "pending" according to respondent, dkt. 16 at 15, or 116 days according to petitioner. Dkt. 19 at 30. The federal statute of limitations thus ran, excluding the time it was statutorily tolled, for either 507 or 408 days before plaintiff filed the federal habeas petition herein.

## DISCUSSION

**I. The Statute Of Limitations**

Under 28 U.S.C. § 2244(d)(1), a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." Pursuant to this section, the 1-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period. 28 U.S.C. § 2244(d)(2). Petitioner concedes she filed her federal habeas petition after the expiration of

§ 2244(d)(1)'s 1-year statute of limitations; the record shows the federal habeas petition was filed either 142 or 43 days after the expiration of the 1-year statute of limitations.

**II.     Equitable Tolling**

Petitioner requests the court "apply equitable tolling" to her untimely petition. Dkt. 19 at 1. The one-year statute of limitations for filing a habeas petition may be equitably tolled only if the petitioner can show that "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner "bears the burden of showing equitable tolling is appropriate." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

Equitable tolling is justified in few cases. *Sptisyn*, 345 F.3d at 799. Here plaintiff lists thirteen "factors" which she contends constitute extraordinary circumstances justifying equitable tolling. Dkt. 19 at 26. In the first nine factors, petitioner contends the amount of time it took to type her pleadings on a typewriter, the amount of research her federal petition required,[2] and the limited hours and small capacity of the prison library constitute extraordinary circumstances. *Id*. at 25-27. The evidence that petitioner has presented does not establish that these factors constitute extraordinary circumstances. Petitioner has submitted partial prison library records for the months of August, September, and October 2005, and January, February, and May 2006. Dkt. 19, app. B. These records show petitioner was granted access to the prison library sometimes twice a day, and as many as 20 times in a single month (January 2006).

The record also shows petitioner began preparing and researching the claims contained in her federal habeas petition as early as January 2002, when she outlined, in a letter to the lawyer

---

[2] "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

REPORT AND RECOMMENDATION – 3

representing her on direct appeal, the claims she planned on raising in her *pro se* direct appeal brief. Dkt. 16, ex. 2 at 125. Plaintiff completed her research and filed her *pro* se brief in May 2002. Dkt. 16, ex. 10 at 825. Also, that prisoners must manually type, or even hand-write, their legal pleadings is not unusual and has not prevented thousands of prisoners from filing their pleadings in a timely fashion.

In factor ten, plaintiff contends that equitable tolling should be applied because she was "awaiting the arrival of 10 affidavits – essential to the claims addressed in personal restraint petition." Dkt. 19 at 28. These affidavits, which plaintiff attached to the state personal restraint petition she filed on May 3, 2006, are dated between April 2002 and April 2006. The record does not support the conclusion that until plaintiff received these affidavits, she could not discover the factual predicate for the claims asserted in her federal habeas petition. First, the affidavits are made by individuals with whom plaintiff had direct contact while she was being investigated and questioned by police, and during the pendency of her trial and sentencing in 2000 and 2001.

Second, the affidavits contain facts about claims plaintiff knew and raised in 2002, such as her trial lawyer's ineffectiveness, her lawyer's failure to call witnesses, the admissibility of plaintiff's statements to law enforcement, her illegal arrest, hearsay statements of adverse witnesses, prosecutorial and police misconduct and the issue of the "backdoor" of the Donaldson residence. Dkt. 16, at 825. Therefore, plaintiff's receipt of the affidavits between 2002 and 2006 is not a basis to equitably toll the statute of limitations or to apply 28 U.S.C. § 2244(d)(1)(D). [3]

In factor eleven, petitioner contends that equitable tolling should be applied because her family retained attorney Anthony Savage "who reviewed some documents but did not advise petitioner of any federal deadlines and actually had not been returning phone calls or responding to letters." Dkt. 19 at 28. In non-capital cases, "ordinary attorney negligence will not justify

---

[3] 28 U.S.C. § 2244(d)(1)(D) provides that the limitation period will begin running on the date the factual predicate of a claim could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION – 4

equitable tolling." *Spitsyn*, 345 F.3d at 800. However, where an attorney's failure to protect his client's interests is so egregious and atypical, equitable tolling may be appropriate. *Id.* at 801. The record does not establish Mr. Savage's conduct compels equitable tolling. In early February 2007, petitioner's family retained Mr. Savage. Dkt. 19, app. P. The correspondence that petitioner and Mr. Savage exchanged regard petitioner's personal restraint petition, which was still pending in the state courts, not the filing of a federal habeas petition. On May 30, 2007, petitioner informed Mr. Savage she was hiring another attorney because Mr. Savage advised her that he did "not think there is anything [he] could do to assist with [her] case." *Id.*

The record is silent on whether Mr. Savage and petitioner discussed filing a federal petition or the federal statute of limitations. However, the record does indicate that petitioner was informed about the one year federal statute of limitations in December 2005 when she met with Edgar M. Korzeniowski, an attorney. In a letter dated December 14, 2005, Mr. Korzeniowski advised petitioner to file a federal habeas petition and "to request the federal district court to stay [the] petition and hold your exhausted claims in abeyance while you exhaust your claims on collateral attack in the Washington State Supreme Court." *Id.* There is thus nothing in the record to indicate Mr. Savage either performed or neglected to perform an act that prevented petitioner from timely filing her federal habeas petition.

In factors twelve and thirteen, petitioner contends that equitable tolling should be applied because she was convicted of first-degree murder on a technicality and because she is not subject to any state procedural bars. Neither of these factors is recognized as grounds for equitable tolling.

Based on the record before the court, petitioner has failed to meet her burden of proof to establish that extraordinary circumstances outside of her control made it impossible for her to file

REPORT AND RECOMMENDATION – 5

her federal habeas petition in a timely manner.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be DENIED and this case be DISMISSED with prejudice.

DATED this 5th day of September, 2008.

/s/ BRIAN A. TSUCHIDA
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 6